1

2

3

4

5

6

7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11

JORGE AGUILAR SANTOYO,

No.  2:23-CV-2481-TLN-DMC-P

12

Plaintiff,

13

v.

ORDER

14

TATUM, et al.,

15

Defendants.

16

17        Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42

18    U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint.  See ECF No. 1.

19        The Court is required to screen complaints brought by litigants who, as here, have

20    been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under this

21    screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B).

24    Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an

25    action if the Court determines that it lacks subject matter jurisdiction.  Pursuant to Rule 12(h)(3),

26    the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

27    / / /

28    / / /

1

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Tatum, a California Highway Patrol (CHP) officer; (2) J. Pebbles, a CJHP officer; (3) Jennifer Dupre, a Sutter County Assistant District Attorney; and (4) Sukhdeed Singh Gosal, a Sutter County Assistant District Attorney. See ECF No. 1, pgs. 1, 2.

Plaintiff alleges that "officers" claimed he was making statements which made no sense. Id. at 3. According to Plaintiff, he was sitting in a non-operable vehicle that was out of gas and had been on the side of the road for hours. See id. Plaintiff claims the vehicle had been left by the side of the road by someone else. See id. Plaintiff states that he was arrested for driving under the influence even though there is no DNA evidence, and his blood-alcohol level was "0.00." Id. The vehicle was also impounded. See id.

It appears Plaintiff's DUI arrest involved use of methamphetamine and possession of paraphernalia. Specially, Plaintiff includes the words "influence," "meth," "foil," and "vehicle," for which Plaintiff provides his own definition. Id. Plaintiff defines "influence" as meaning "visitation." Id. He defines "meth" as "foreknowledge." Id. He defines "vehicle" as "human body." Id. Finally, Plaintiff defines "foil" as meaning "thwart." Id.

Plaintiff states he "remains in jail" without any DNA evidence to prove he was operating the vehicle. Id. Plaintiff seeks damages for emotional distress, lost earnings, distress to his family, and compensation for towing and impound fees. See id.

## II. DISCUSSION

The Court finds that Plaintiff's complaint suffers from two fundamental defects, as explained in more detail below. First, it appears that Plaintiff's claims against all defendants may be Heck-barred because they relate to a criminal conviction. Second, even if Plaintiff's claims are not barred as against all defendants, Plaintiff has not alleged facts to link any of the named defendants to a violation of Plaintiff's statutory or constitutional rights.

///

///

1      **A.      *Heck* Bar**

2              As a general rule, where a § 1983 action seeking monetary damages or declaratory

3      relief alleges constitutional violations which would necessarily imply the invalidity of the an

4      underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the

5      conviction or sentence has first been invalidated on appeal, by habeas petition, or through some

6      similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that §

7      1983 claim not cognizable because allegations were akin to malicious prosecution action which

8      includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

9              In this case, it is not clear whether the Heck bar applies. While Plaintiff refers to

10     an arrest for DUI, and while Plaintiff clearly appears to take issue with that charge, it is not clear

11     whether Plaintiff has been convicted.  If Plaintiff has been convicted and that conviction has not

12     been set aside or otherwise been invalidated, then the case is barred.  If, however, Plaintiff has not

13     been convicted, his claims may be able to proceed subject to curing the defect discussed below.

14     Plaintiff will be provided an opportunity to file a first amended complaint to state additional facts

15     relating to his DUI arrest, specifically whether he has been convicted and the status of any

16     challenges to that conviction.

17     **B.      Causal Link**

18             To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

19     connection or link between the actions of the named defendants and the alleged deprivations.  See

20     Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

21     person 'subjects' another to the deprivation of a constitutional right, within the meaning of

22     § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

23     an act which he is legally required to do that causes the deprivation of which complaint is made."

24     Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

25     concerning the involvement of official personnel in civil rights violations are not sufficient.  See

26     Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

27     specific facts as to each individual defendant's causal role in the alleged constitutional

28     deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

1    Here, Plaintiff's factual allegations make no reference to any of the named

2  defendants.  While Plaintiff refers to "officers," he does not specify which of the two named

3  officers, if either, were involved or how.  Plaintiff's complaint makes no reference to conduct by

4  either of the named Assistant District Attorneys.  Plaintiff will be provided an opportunity to

5  amend to allege, in addition to facts relating to his DUI arrest and any resulting conviction,

6  further facts concerning the individual involvement of the four named defendants.

7

8                          **III.  CONCLUSION**

9    Because it is possible that the deficiencies identified in this order may be cured by

10  amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

11  action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

12  informed that, as a general rule, an amended complaint supersedes the original complaint.  See

13  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

14  amend, all claims alleged in the original complaint which are not alleged in the amended

15  complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

16  Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

17  Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

18  complete in itself without reference to any prior pleading.  See id.

19    If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

20  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

21  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

22  each named defendant is involved, and must set forth some affirmative link or connection

23  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

24  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25    Finally, Plaintiff is warned that failure to file an amended complaint within the

26  time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

27  1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

28  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

1    See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

2              Accordingly, IT IS HEREBY ORDERED that:

3              1.      Plaintiff's original complaint is dismissed with leave to amend; and

4              2.      Plaintiff shall file a first amended complaint within 30 days of the date of

5    service of this order.

6

7    Dated:  January 31, 2024

8                                                    _____
                                                     DENNIS M. COTA
9                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28